Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia
Civil Division

**FILED FEB 19 2021 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA**

Case No. 1:21-cv-190-CMH/JFA
*(to be filled in by the Clerk's Office)*

Eric J. Bonetti

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: (check one) ☐ Yes ☒ No

-v-

City of Alexandria, Virginia
Robert Hiller Malm
Grace Episcopal Church
Episcopal Diocese of Virginia

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Eric J. Bonetti
Address: 4129 Fountainside Lane #203
City: Fairfax   State: VA   Zip Code: 22030
County: Fairfax VA
Telephone Number: 703-973-4984
E-Mail Address: eric.bonetti@protonmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
Name: The Rev. Robert H. Malm
Job or Title (if known):
Address: 8 Brierpatch Lane
City: Mattapoisett   State: MA   Zip Code: 02739
County: Plymouth
Telephone Number: 912-635-2091
E-Mail Address (if known): bmalm917@gmail.com
[X] Individual capacity   [ ] Official capacity

**Defendant No. 2**
Name: Grace Episcopal Church
Job or Title (if known):
Address: 3601 Russell Road
City: Alexandria   State: VA   Zip Code: 22305
County: City of Alexandria VA
Telephone Number: 703-549-1980
E-Mail Address (if known): rector@gracealex.org
[X] Individual capacity   [X] Official capacity

Defendant No. 3
- Name: City of Alexandria VA
- Job or Title (if known): ~~301 King Street~~
- Address: 301 King Street, Alexandria, VA 22314
- County: City of Alexandria VA
- Telephone Number: 703-746-4311
- E-Mail Address (if known): bryan.porter@alexandriava.gov
- [ ] Individual capacity  [x] Official capacity

Defendant No. 4
- Name: Episcopal Diocese of Virginia
- Job or Title (if known):
- Address: 110 W Franklin St, Richmond, VA 23220
- County: City of Richmond VA
- Telephone Number: 804-643-8451
- E-Mail Address (if known): bishopsoffice@thediocese.net
- [ ] Individual capacity  [x] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

  [ ] Federal officials (a *Bivens* claim)

  [x] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1) First Amendment - free speech
2) Fifth / Fourteenth Amendments - due process
3) Equal protection - 14th Amendment

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

see attachment 1

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Alexandria, Virginia

B. What date and approximate time did the events giving rise to your claim(s) occur?

2018 - present

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

see attachment 1, incorporated by reference

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

- Mental pain & suffering, resulting in ongoing medical care.
- Violations of Plaintiff's rights of due process, equal protection and freedom of speech.
- Reputational damage

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

- Overturn of state court decisions violative of plaintiff's rights.
- Criminal charges against Defendant Malm for perjury, filing a false police report.
- Award of actual attorney fees and court costs.
- Injunction against City of Alexandria prohibiting further violation of Plaintiff's rights.
- Punitive damages, as determined by court, sufficient to deter future misconduct by defendants.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 18 February 2021

Signature of Plaintiff: *Eric J Bonetti*
Printed Name of Plaintiff: Eric J Bonetti

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City    State    Zip Code

Telephone Number
E-mail Address

**Attachment 1**

1. In 2018, Defendants Grace Episcopal Church ("Grace") and Robert Hiller Malm ("Malm"), filed a civil action in the Alexandria City Courts against Plaintiff, alleging that various words, taken out of context on a blog published by a family member, constituted threats against the defendant. As such, defendant's claims were false and misleading, and constituted a fraud upon the courts. For example, they claimed that:
    a. The use of the word "suicide" somehow was a threat.
    b. The use of the collective pseudonym, "The Killer B's," derived years ago from a Pittsburgh Pirates marketing campaign, somehow was a threat.
    c. The use of the phrase "psychological torture" somehow was a threat.
2. No rational actor, reading these phrases in context, would conclude that they were in any way threatening.
3. In the course of the litigation, Malm committed perjury on multiple occasions by, inter alia, stating in writing, under oath, while advised by legal counsel, that one of his reasons for asserting that the blog in question belonged to Plaintiff was that Plaintiff's late mother, or someone purporting to be her, contacted him repeatedly to set up appointments, only to no-show. No such appointments were ever made. Samples of Defendant Malm's perjury are attached.
4. Malm, his wife, and adult son have repeatedly engaged in witness tampering by contacting one or more persons they knew would be called as witnesses in Plaintiff's civil suit and attempting to dissuade them from testifying.
5. Defendants Grace and Malm repeatedly made false and inflammatory statements in their pleadings, thus prejudicing Plaintiff and denying him due process and equal protection under the laws.
6. Defendants Grace and Malm illegally withheld evidence during litigation, squarely within the ambit of discovery, thus prejudicing Plaintiff and denying him due process and equal protection under the laws. This included at least 16 emails that have since come to light.
7. As a result, the Alexandria Court, despite a complete lack of evidence, issued a protective order against the Plaintiff, mandating that Plaintiff remain 1,000 feet away from Malm and Grace for a period of two years, and have no contact with them during that time.
8. The Court's order has had a profound chilling effect on the Plaintiff's First Amendment right of free speech.
9. The decision to pursue a civil case against Plaintiff, despite a lack of any evidence of a threat against Defendants, was made upon the advice of the City of Alexandria police department.
10. The Episcopal Diocese of Virginia, which is hierarchical in nature and has supervisory authority over Grace and Malm, was promptly notified of Malm's perjury and other criminal conduct, but declined to act on the basis that Malm had not been charged with any crimes.
11. Defendant City of Alexandria (Alexandria), via its General District Court, rejected a timely suit for abuse of process that cited the facts above, proffering no legitimate reason for its decision. Thus, Alexandria violated Plaintiff's right to due process and equal protection of the laws.
12. The City of Alexandria has repeatedly sent police officers to interrogate Plaintiff and demand identification while Plaintiff was peacefully exercising his First Amendment rights in public fora, often on a pretextual basis.
    a. In one case, Alexandria claimed Plaintiff was "obstructing a sidewalk" on which there was no pedestrian traffic and Plaintiff had done nothing to warrant such a conclusion.

      b. In another case, acting in concert with Grace Episcopal Church, Alexandria dispatched officers on the pretextual basis that Plaintiff was "standing too close to the church's driveway."
      c. In yet another case, Alexandria police officers informed Plaintiff he could not ring a bell while protesting outside the church, even as Grace Church loudly played its own church bells, which could be heard throughout the neighborhood.
13. In one instance, an officer **with the Alexandria police department internal affairs unit** lied to other officers about his conversations with Plaintiff, falsely claiming that he had not informed Plaintiff about a police unit detailed to the church.
14. Plaintiff has repeatedly complained to Alexandria about its role in improperly encouraging Defendants Malm and Grace to file a civil suit without cause, only to be told that the Alexandria Police Department acted properly.
15. Plaintiff has repeatedly contacted Defendant Alexandria in writing, seeking a criminal investigation into perjury and the filing by Defendants Grace and Malm of a false police report against Plaintiff, only to be ignored. Persons contacted include the commander of the Police Department's Criminal Investigation Division and the Commonwealth Attorney. Thus, Defendant Alexandria has denied the Plaintiff due process and the equal protection of the laws.
16. Members and staff of Defendant Grace have fully supported the church in its efforts to interfere with Plaintiff's constitutional rights. This includes:
      a. Threatening the employment of Plaintiff's spouse.
      b. Spreading defamatory statements about Plaintiff, including fabrications by one church official alleging that Plaintiff had embezzled from a previous employer.
      c. Contacting the Alexandria police department to complain about the Plaintiff's exercise of his First Amendment rights by protesting in the vicinity of the church.
      d. Making obscene gestures to the Plaintiff in public.
      e. Interfering with Plaintiff's rights to free speech and freedom of association by attempting to interfere with Plaintiff's employment and membership in other churches.
17. Defendant Malm has repeatedly lied to law enforcement officials and others, claiming that Plaintiff has "stalked" and "threatened" him and his family, even as he claims that he does not feel threatened. Most recently, he proferred these fabrications to law enforcement officials in Massachusetts in December 2020.

**Sworn testimony re Sigrid Yahner, my late mother**

*Sworn response, initial interrogatories:*

### ANSWER:

The language among the blogs is consistent and with the exception of his Father Frank, neither I (nor anyone to my knowledge) has ever seen or met his family members, or any of several other characters who supposedly knew Grace Church and me through Mr. Bonetti, e.g. Elizabeth and Latimer Digby. Time after time scheduled meetings with Elizabeth or Latimer Digby and Sigrid Yahner are cancelled. The remaining family members remain nameless. A December 29 post titled "Our New Year's Resolutions" says "Aim for one protest a week outside Disgrace church, while avoiding weddings and funerals whenever possible." No one to my knowledge has ever spotted a Protester besides Mr. Bonetti. Additionally, a December 26, 2017 blog post contains the following:

> So let's assume for a minute that Bob Malm is right, that Eric is the person behind this blog. Even were that the case, Bob would still be entirely in the wrong.
>
> ...
>
> 3. Victims of abuse need to do whatever they find necessary to recover from abuse. If that involves blogging, that is perfectly acceptable, even if it involves changing one's mind over previous commitments to take down a blog. A promise made under duress is not binding, especially when it is made to an abusive clergy member who has already betrayed the trust placed in him or her.

The very next blog post is titled "Old Site has a New URL."

> Our mothership blog, which Eric launched when it first appeared that the diocese was going to give him the big blow-off, is now online under bobmalm.com.

On bobmalm.com, the blog Mr. Bonetti acknowledges he writes, there is posted a notarized letter from Dee Parsons of the Wartburg Watch which contains the following transparently

*Sworn response, recent interrogatories:*

December 7, 2020
5:39 PM

4. Explain in detail the circumstances around your claim, made in writing, under oath, and while advised by legal counsel in the previous litigation involving this matter that Sigrid Yahner or someone claiming to be her contacted you repeatedly to set up appointments, only to cancel. Include the means by which she or this other individual contacted you (email, phone, letter, in-person, fax, or other), the topic of the conversation; what Ms. Yahner or this other individual requested from you; the specific email addresses, phone numbers, or other means you used when speaking with Ms. Yahner or this individual; and the names and contact information for any witnesses who can corroborate your claim.

ANSWER:

*Bonetti v. Malm*
*Interrogatories to Defendant*
*Page 4 of 18*

This interrogatory is objected to on the grounds that it is confusing, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Furthermore, it calls for the disclosure of attorney client privileged information and attorney client work product and strategy. Without waiving the objections, my recollection is that my counsel or someone else attempted to make arrangements to speak with her and possibly spoke to her or her counsel. I don't recall ever speaking to her.

## Sworn Testimony, Wareham District Court:





2021 FEB 19 P 12: 20

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
___Civil___ DIVISION

___ERIC J. Bonetti___
Plaintiff(s),

v.

___Robert H. Malm et al___
Defendant(s).

Civil Action Number: _____

# LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of ___Complaint___.
(Title of Document)

___Eric Bonetti___
Name of Pro Se Party (Print or Type)

___[signature]___
Signature of Pro Se Party

Executed on: ___19 Feb 2021___ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)