**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **ERIC J. BONETTI** | * | |
| *Plaintiff,* | * | |
| v. | * | **Civil Case No.: 1:21-cv-00190-CMH-JFA** |
| **EPISCOPAL DIOCESE** | * | |
| **OF VIRGINIA, et al.** | | |
| | * | |
| *Defendants.* | | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**
**(Robert H. Malm, Grace Episcopal Church, and Episcopal Diocese of Virginia)**

NOW COME, Defendants, Robert Hiller Malm ("Malm"), Grace Episcopal Church ("Grace Episcopal"), and Episcopal Diocese of Virginia ("Episcopal Diocese"), through undersigned counsel, and for their Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6), state as follows:

### I.       INTRODUCTION

Plaintiff Bonetti filed a Complaint for Violation of Civil Rights against four Defendants, City of Alexandria, Virginia, Malm, Grace Episcopal, and Episcopal Diocese. Bonetti's Complaint was brought under 42 U.S.C. § 1983 wherein Bonetti brought claims against for violations of "(1) First Amendment – free speech; (2) Fifth/Fourteenth Amendments – due process; (3) Equal protection – 14th amendment." However, Bonetti's Complaint fails to state a single cognizable claim as to Defendants Malm, Grace Episcopal, and Episcopal Diocese because none of these Defendants are a state actors and a 42 U.S.C. § 1983 against these Defendants must fail as a matter of law.

### II.       BACKGROUND

The basis for Plaintiff's Complaint centers on a prior civil suit wherein Plaintiff alleges "Malm committed perjury on multiple occasions" and "Malm, his wife, and adult son have repeatedly engaged in witness tampering." Plaintiff alleges "Defendants Grace and Malm repeatedly made false and inflammatory statements in their pleadings . . . [and] withheld evidence during litigation, thus prejudicing Plaintiff and denying him due process and equal protection under the laws." Plaintiff acknowledged that as a result of this litigation, Plaintiff was ordered to have no contact with Malm and Grace Episcopal for two years, and must remain 1,000 feet away from Malm and Grace Episcopal during that period.

Plaintiff asserts that this Court's order "has had a profound chilling effect on Plaintiff's First Amendment right of free speech." Further, Plaintiff asserts that "members and staff of Defendant Grace have fully supported the church in its efforts to interfere with Plaintiff's constitutional rights." Further, Plaintiff claims "Defendant Malm has repeatedly lied to law enforcement officials and others, claiming the Plaintiff has 'stalked' and 'threatened' him and his family."

Assuming *arguendo* that Plaintiff's assertions are true, which Defendants deny[1], nothing Plaintiff has alleged against Defendants Malm, Grace Episcopal, and Episcopal Diocese are violations of Plaintiff's Civil Rights or Constitutional rights. Plaintiff's 42 U.S.C. § 1983 claims against these Defendants is misplaced and has no basis under law.

### III.   STANDARD OF REVIEW

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defense." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss

---

[1] The only assertion in Plaintiff's Complaint Defendants acknowledge is true is Plaintiff was ordered to have no contact with Defendant Malm.

4846-0555-4399, v. 11

under FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A motion under FED. R. CIV. P. 12(b)(6) should be granted if, after accepting all well-pleaded allegations in Plaintiff's complaint as true, and drawing all reasonable inferences therefrom in Plaintiff's favor, it appears that Plaintiff cannot prove any set of facts in support of Plaintiff's claim entitling Plaintiff to relief. *Edwards v. City of Goldsboro*, 178 F.3d 213, 244 (4th Cir. 1999). In the present case, Plaintiff has failed to adequately allege that he is entitled to relief.

### IV.    ARGUMENT

### A.    DISMISSAL OF PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS IS APPROPRIATE BECAUSE NONE OF THE DEFENDANTS ARE STATE ACTORS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.[2] *Schorr v. Borough of Lemoyne*, 265 F. Supp. 2d 488, 491 (M.D. Pa. 2003) (*citing West v. Atkins,* 487 U.S. 42, 48, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)). Acting "under color of state law" requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only

---

[2] The statute provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution. 42 U.S.C. § 1983.

because the wrongdoer is clothed with the authority of state law." *Schorr*, 265 F. Supp. At 491 (*citing West*, 487 U.S. at 49).

"In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *United States v. Price*, 383 U.S. 787, 794 n.7, 16 L. Ed. 2d 267, 86 S. Ct. 1152 (1966); *see also Robison v. Canterbury Vill., Inc.*, 848 F.2d 424 (3d Cir. 1988). Thus, "the ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 73 L. Ed. 2d 418, 102 S. Ct. 2764 (1982). To constitute state action, first, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and second, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982).

Ultimately, the state action inquiry is "necessarily fact-bound," *Lugar*, 457 U.S. at 939, "but any approach a court uses must remain focused on the heart of the state action inquiry," which is "to discern if the defendant exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Groman v. Township of Manalapan*, 47 F.3d 628, 639 n.17 (3d Cir. 1995) (*citing West*, 487 U.S. at 49) (internal quotation marks omitted).

Neither Defendant Malm, Defendant Grace Episcopal, nor Defendant Episcopal Diocese are state actors. None of their actions, either as alleged by Plaintiff, or in fact, fall under the purview of 42 U.S.C. § 1983. The Complaint fails to allege a single fact that would suggest to the Court that Defendant Malm, Grace Episcopal, or Episcopal Diocese acted "under color of any statute,

4

ordinance, regulation, custom, or usage, of any State." *See* 42 U.S.C. § 1983. None of the allegations in Plaintiff's Complaint demonstrate that Defendants are "clothed with the authority of state law" or have exercised power "possessed by virtue of state law." In fact, a majority of the claims made by Plaintiff center on previous state court litigation that is not subject of this suit. Plaintiff fails to present a single cognizable claim under 42 U.S.C. § 1983 against Defendants.

Accordingly, Plaintiff's Complaint against Defendants Malm, Grace Episcopal, and Episcopal Diocese for Violation of Civil Rights pursuant to 42 U.S.C. § 1983 has no basis under law and should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

_____/ s / Matthew J. Youssef_____
Craig D. Roswell, Esquire (VSB No.: 33901)
Matthew J. Youssef, Esquire (VSB No.: 85339)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783 – 6357
(410) 783 – 6452 *facsimile*
cdroswell@nilesbarton.com
mjyoussef@nilesbarton.com
*Counsel for Defendant, Grace Episcopal Church*
*and Episcopal Diocese of Virginia*

4846-0555-4399, v. 11

_____/ s / Wayne F. Cyron_____
Wayne F. Cyron, Esquire (VSB No. 12220)
CYRON & MILLER LLP
100 N. Pitt St., Suite 200
Alexandria, VA 22314
703-299-0600
703-299-0603 (fax)
wcyron@cyronmiller.com
*Counsel for Defendant,*
*Robert H. Malm*

6