**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **ERIC J. BONETTI** | * | |
| *Plaintiff,* | * | |
| v. | * | **Civil Case No.: 1:21-cv-00190-CMH-JFA** |
| **EPISCOPAL DIOCESE** | * | |
| **OF VIRGINIA, et al.** | | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**</u>
<u>**PURSUANT TO FED. R. CIV. P. 12(b)(6)**</u>
**(, Grace Episcopal Church, Episcopal Diocese of Virginia, Episcopal Diocese of Massachusetts and St. Gabriel's Church)**

NOW COME, Defendants, , Grace Episcopal Church ("Grace Episcopal"), and Episcopal Diocese of Virginia ("Diocese of Virginia"), Episcopal Diocese of Massachusetts ("Diocese of Massachusetts"), St. Gabriel's Episcopal Church ("St. Gabriel's"), through undersigned counsel, and for their Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(6), state as follows:

## I. INTRODUCTION

Plaintiff Bonetti filed an Amended Complaint against Defendants Malm, Grace Episcopal, Diocese of Virginia, St. Gabriel's, and Diocese of Massachusetts. Bonetti's Complaint claims several allegations against the Defendants. However, Bonetti's Complaint fails to state a single cognizable claim as to any of the Defendants because, primarily, none of these Defendants are a state actors. Additionally, Plaintiff's Amended Complaint alleges that Defendants have libeled Plaintiff by virtue of a video posted on St. Gabriel's church website. These allegations should also be dismissed as they are bald, conclusory statements unsupported by any detail of the content of the video. The claims against these Defendants must fail as a matter of law.

1

4822-8320-9449, v. 1

## II.   BACKGROUND

The basis for Plaintiff's Amended Complaint centers on "a series of events dating from 2015." These events involve allegations of perjury, conspiracy, and past litigation, in other jurisdictions that are not part of this litigation.

Plaintiff further alleges that St. Gabriel's Church and the Episcopal Diocese of Massachusetts "are fully part of [Defendant] Malm's ongoing efforts to suppress Plaintiff's First Amendment rights." Further, Plaintiff asserts that Defendant St. Gabriel's has a video on its website "in which Malm libels the Plaintiff." Defendants will allow the balance of Plaintiff's Amended Complaint to speak for itself.

Assuming *arguendo* that Plaintiff's assertions are true, which Defendants deny[1], nothing Plaintiff has alleged against Defendants are violations of Plaintiff's Constitutional rights or otherwise. Plaintiff's claims against Defendants has no basis under law.

## III.   STANDARD OF REVIEW

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defense." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A motion under FED. R. CIV. P. 12(b)(6) should be

---

[1] The only assertion in Plaintiff's Complaint Defendants acknowledge is true is Plaintiff was ordered to have no contact with Defendant Malm.

4822-8320-9449, v. 1

granted if, after accepting all well-pleaded allegations in Plaintiff's complaint as true, and drawing all reasonable inferences therefrom in Plaintiff's favor, it appears that Plaintiff cannot prove any set of facts in support of Plaintiff's claim entitling Plaintiff to relief. *Edwards v. City of Goldsboro*, 178 F.3d 213, 244 (4th Cir. 1999). In the present case, Plaintiff has failed to adequately allege that he is entitled to relief.

"For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, the defendant must have minimum contacts with the forum state and the maintenance of suit in the forum must "not offend traditional notions of fair play and substantial justice." *Prototype Prods. v. Reset, Inc*., 844 F. Supp. 2d 691, 701 (E.D. Va. 2011) (internal citations omitted). Contacts that are merely random, fortuitous, attenuated or based on the unilateral activity of a third party do not satisfy the minimum contacts requirement. *Id.*. Rather, a defendant's contacts with the forum state must demonstrate that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that the defendant "should reasonably anticipate being haled into court there," *Id.*

## ARGUMENT

### A.   DISMISSAL OF PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS IS APPROPRIATE BECAUSE NONE OF THE DEFENDANTS ARE STATE ACTORS, AND NONE HAVE LIBELED PLAINTIFF

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.[2] *Schorr v. Borough of Lemoyne*, 265 F. Supp. 2d 488, 491 (M.D. Pa. 2003) (*citing West v. Atkins,* 487 U.S. 42, 48, 101

---

[2] The statute provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution. 42 U.S.C. § 1983.

4822-8320-9449, v. 1

L. Ed. 2d 40, 108 S. Ct. 2250 (1988)). Acting "under color of state law" requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Schorr*, 265 F. Supp. At 491 (*citing West*, 487 U.S. at 49).

"In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *United States v. Price*, 383 U.S. 787, 794 n.7, 16 L. Ed. 2d 267, 86 S. Ct. 1152 (1966); *see also Robison v. Canterbury Vill., Inc.*, 848 F.2d 424 (3d Cir. 1988). Thus, "the ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 73 L. Ed. 2d 418, 102 S. Ct. 2764 (1982). To constitute state action, first, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and second, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982).

Ultimately, the state action inquiry is "necessarily fact-bound," *Lugar*, 457 U.S. at 939, "but any approach a court uses must remain focused on the heart of the state action inquiry," which is "to discern if the defendant exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Groman v. Township of Manalapan*, 47 F.3d 628, 639 n.17 (3d Cir. 1995) (*citing West*, 487 U.S. at 49) (internal quotation marks omitted).

Neither Defendant Malm, Defendant Grace Episcopal, Defendant Diocese of Virginia, Defendant Diocese of Massachusetts, nor Defendant St. Gabriel's are state actors. None of their

4

actions, either as alleged by Plaintiff, or in fact, fall under the purview of 42 U.S.C. § 1983. The Complaint fails to allege a single fact that would suggest to the Court that Defendant Malm, Grace Episcopal, Diocese of Virginia, Diocese of Massachusetts, nor Defendant St. Gabriel's acted "under color of any statute, ordinance, regulation, custom, or usage, of any State." *See* 42 U.S.C. § 1983. None of the allegations in Plaintiff's Complaint demonstrate that Defendants are "clothed with the authority of state law" or have exercised power "possessed by virtue of state law." In fact, a majority of the claims made by Plaintiff center on previous state court litigation that is not subject of this suit. Plaintiff fails to present a single cognizable claim under 42 U.S.C. § 1983 against Defendants.

Further, "[o]n a motion to dismiss a defamation suit on the basis that a statement is not actionable, the court must 'credit the plaintiff's allegation of the factual falsity of a statement,' unless the allegation of falsity is vague and conclusory or contradicts an external document incorporated into the complaint." *Dangerfield v. Wavy Broad., LLC*, 228 F. Supp. 3d 696, 702 (E.D. Va. 2017) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (internal citations omitted)). Here, Plaintiff's Complaint baldly alleges Defendant St. Gabriel's Church "maintains a defamatory video on its website, dated December 20, 2020, in which [Defendant] Malm libels the Plaintiff with the claims described above." Plaintiff does not describe what allegedly libelous statements are in this video, but rather blanketly reports that the statements are related to the balance of the allegations made in the Amended Complaint. Plaintiff's Complaint as it relates to allegations of libel are nothing more than vague, conclusory statements and therefore, should be dismissed for failure to state a claim.

5

Accordingly, Plaintiff's Complaint against Defendants Malm, Grace Episcopal, Diocese of Virginia, Diocese of Massachusetts, and St. Gabriel's for Violation of Civil Rights, Constitutional Rights, or otherwise, has no basis under law and should be dismissed.

**B.      THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS DIOCESE OF MASSACHUSETTS OR ST. GABRIEL'S AND THESE DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FED.  R. CIV. P. 12(b)(2)**

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately the plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. *Carney v. Verizon Communs., Inc*., Civil Action No. 1:16-CV-54, 2016 U.S. Dist. LEXIS 184561, at *4 (N.D.W. Va. Aug. 19, 2016) (internal citations omitted). When the court addresses the jurisdictional question "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Financial Corp. v. Flagship Resort Development Corp*., 416 F.3d 290, 294 (4th Cir. 2005).

In order for this Court to have personal jurisdiction over nonresident Defendants Diocese of Massachusetts and St. Gabriel's, these Defendants must have sufficient contacts with the forum state of Virginia. The nonresident Defendants' contacts with the forum must not be random or attenuated - rather, the Defendants contacts with the forum state must demonstrate that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958), such that the defendant "should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp*., 444 U.S. at 297.

6

The Federal Circuit has distilled the specific jurisdiction inquiry into a three-part test: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Prototype Prods. v. Reset, Inc.*, 844 F. Supp. 2d 691, 701 (E.D. Va. 2011) (*citing Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (*citing Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995)). The first two elements relate to whether sufficient minimum contacts exist, whereas the third element relates to whether exercising jurisdiction comports with fair play and substantial justice. *Id.*

Here, neither Defendant Diocese of Massachusetts nor Defendant St. Gabriel's have "purposefully directed" any activities at the residents of Virginia. Further, nothing alleged in Plaintiff's Amended Complaint suggests that these Defendants have conducted sufficient activities in the State of Virginia in order to establish personal jurisdiction. Finally, the assertion of personal jurisdiction over these Defendants would not be "reasonable and fair" as the allegations contained in Plaintiff's Complaint demonstrate that, at best, any connection between Plaintiff and these Defendants is attenuated and Defendants lack direct contact with the State of Virginia.

There can be no jurisdiction over Defendants Diocese of Massachusetts and St. Gabriel's. Defendant lacks sufficient — indeed, any – "minimum contacts" with Virginia because neither Defendant conducts any business or contract to supply services or things in Virginia. In fact, Defendant engages in no acts at all in Virginia. Accordingly, the Court cannot find that Defendants have "continuous and systematic contacts" with Virginia. In sum, neither specific nor general jurisdiction exist over these Defendants and Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be granted as to these Defendants.

7

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint.

## *ROSEBORO* NOTICE TO ERIC J. BONETTI

Plaintiff *pro se* Eric J. Bonetti is hereby notified, in accordance with (i) Local Rule (7)(K) of the Rules of the U.S. District Court for the Eastern District of Virginia; and (ii) *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that:

(1) Mr. Bonetti is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and

(2) The Court could dismiss the action on the basis of the moving party's papers if the pro se party does not file a response; and

(3) Mr. Bonetti must state, in his response, all facts stated by this defendant with which he disagrees. He must also state his version of the facts by filing either affidavits (written statements signed before a notary public under oath) or sworn statements. Each sworn statement must bear a certificate that it is signed under penalty of perjury.

(4) Mr. Bonetti is also entitled to file a legal brief in opposition to the one filed by the moving party.

4822-8320-9449, v. 1

Respectfully submitted,


        / s / Matthew J. Youssef
Craig D. Roswell, Esquire (VSB No.: 33901)
Matthew J. Youssef, Esquire (VSB No.: 85339)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783 – 6357
(410) 783 – 6452 *facsimile*
cdroswell@nilesbarton.com
mjyoussef@nilesbarton.com
*Counsel for Defendants, Grace Episcopal Church,*
*Episcopal Diocese of Virginia, Episcopal Diocese*
*of Massachusetts, and St. Gabriel's Church*

9