IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ERIC J. BONETTI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 1:21-cv-190 ) |
| CITY OF ALEXANDRIA, VIRGINIA, et al. | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

Plaintiff brings this suit to vindicate alleged wrongs done to him by Grace Episcopal Church; its priest, Robert Malm; the Episcopal Diocese of Virginia; the Episcopal Diocese of Massachusetts; and, St. Gabriel's Episcopal Church. This conflict began in 2015, while Plaintiff was still a member at Grace Episcopal. Plaintiff had an ongoing dispute with Reverend Malm and sought help from the Virginia diocese to help mediate the disagreement. Instead of receiving the help that he sought, Plaintiff alleges that he was disinvited from the church and told to go elsewhere. This experience led Plaintiff to start a blog chronicling the perceived injustices taking place at Grace.

After Plaintiff's blog began to get some traction, the diocese reached out to Plaintiff to schedule mediation. The efforts seemed successful at first. Plaintiff agreed to stop posting on his blog, the church agreed to allow Plaintiff to attend, and Reverend Malm wrote an apology letter to Plaintiff's spouse. But this did not resolve the entire conflict. Plaintiff's mother continued to blog about Grace Episcopal and Reverend Malm, painting them in an incredibly unflattering light. The blog was concerning enough that Reverend Malm contacted the Alexandria Police Department.

Police officers came to a church meeting at Grace Episcopal to discuss the situation. While there, they suggested that the church seek a civil protective order against Plaintiff. The church and Reverend Malm followed this advice and sought a protective order against Plaintiff in Alexandria General District Court. After hearing testimony, most or all of which Plaintiff alleges was fabricated, the General District Court entered a protective order against Plaintiff that the Circuit Court affirmed.

Even after the protective order was entered, Plaintiff continued to protest outside of Grace Episcopal on the public sidewalks nearby. On multiple occasions while Plaintiff was protesting, Alexandria police officers approached him and questioned him about his activities. Plaintiff does not allege

that they ever asked him to stop protesting or ordered him to leave the area.

Based on these events, Plaintiff alleges that he has been the victim of a civil conspiracy; a statutory conspiracy (Va. Code § 18.2-499, et seq.); a deprivation of his constitutional rights to free speech, due process, and equal protection (42 U.S.C. § 1983); and, a conspiracy to deprive him of these same constitutional rights (42 U.S.C. § 1985). The Plaintiff also alleges that the Episcopal Diocese of Massachusetts and St. Gabriel's have libeled him by publishing a video that casts him in a negative light.

The Court will turn first to Plaintiff's claims against the Episcopal Diocese of Massachusetts and St. Gabriel's Episcopal Church. The Court finds that these claims must be dismissed for lack of personal jurisdiction. The Complaint alleges a dispute that took place entirely in Massachusetts against Defendants that reside in Massachusetts and do not have any alleged contacts with the state of Virginia. The Court cannot exercise jurisdiction over the Massachusetts Defendants consistent with "traditional notions of fair play and substantial justice." Int' Show Co. v. Washington, 326 U.S. 310, 316 (1945). The claims against these Defendants should be dismissed.

This leaves the claims against the Virginia Defendants. Plaintiff brings two federal claims under 42 U.S.C § 1983 and §

3

1985 for deprivations of his constitutional rights. To adequately plead either of these causes of action, Plaintiff must assert that the parties injuring him acted under color of state law. This means that the person depriving Plaintiff of his rights must have been acting with the authority of the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Plaintiff has alleged nothing in his Complaint that supports the idea that any party, other than the City of Alexandria, had the authority of state law. The Complaint centers around private actors making private choices. For this reason, the Plaintiff's § 1983 and § 1985 claims fail to state a cause of action against Grace Episcopal, Reverend Malm, and the Episcopal Diocese of Virginia.

Even though many of the Defendants are not state actors, the Complaint sufficiently alleges that the City of Alexandria acts under color of state law. This does not end the inquiry. The City argues that the Complaint does not contain sufficient facts to show that the City deprived Plaintiff of his constitutional rights and that the City conspired with others to do so.

Under § 1983, a city cannot be held liable under a theory of vicarious liability. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691 (1978). Cities may still be liable when their actions serve as the "moving force" behind the injury

4

to the plaintiff. Id. at 694. To show that a municipality was the moving force behind a violation, plaintiffs typically must point to "policies or customs having a 'specific deficiency or deficiencies . . . such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run.'" Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (quoting Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)).

In this case, Plaintiff does not point to any City policies that led to his alleged injuries. The Complaint only describes encounters with City police officers and actions by an Alexandria Circuit Court judge. The Complaint does not even make it sufficiently clear that Plaintiff was deprived of any rights at all. But regardless of any injury, the Complaint does not provide evidence of a policy that would almost certainly lead to a deprivation of Plaintiff's rights. Since Plaintiff has not pleaded facts that demonstrate how the City has deprived him of his constitutional rights, Plaintiff's § 1983 claims fail.

Plaintiff has also failed to plead sufficient facts to support his § 1985(3) claim. To defeat a motion to dismiss on a claim under this section, a plaintiff must have alleged: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured

by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985)).

In this case, Plaintiff has failed to plead facts showing any agreement between another party and the City. Plaintiff also has failed to allege facts showing that the City discriminated against him based on any specific class membership. Plaintiff alleges that he was approached multiple times by police officers while he was protesting near Grace Episcopal, this allegation does not show any conspiracy with other parties or intent to discriminate based on class membership. Since Plaintiff has not pleaded facts sufficient to support a claim that any Defendants entered into a conspiracy to deprive him of his constitutional rights, his § 1985 claim fails. The only federal causes of action listed in the Complaint fail to state a claim against any Defendants and must be dismissed.

Plaintiff's only remaining claims are state law causes of action. Since the federal element of this litigation is gone, the Court must consider whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court declines to exercise supplemental jurisdiction over the state law causes of action against any of

the Virginia Defendants. All of the state-law claims against the Virginia Defendants should be dismissed without prejudice.

For the forgoing reasons, this Court finds that the Complaint should be dismissed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 26, 2021